FILED

JUN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50300 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00797-RGK |
| v. | |
| JOSELITO VILLAMIL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Joselito Villamil appeals from specified conditions of supervised release

imposed following his guilty-plea conviction for possession of child pornography,

in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Villamil contends that one of his supervised release conditions must be vacated or modified to the extent that it delegates to the probation officer the ultimate decision of whether he must undergo inpatient mental health or sex offender treatment, and may require him to undergo penile plethysmographic ("PPG") testing. This contention lacks merit because the condition does not contemplate either inpatient treatment or PPG testing. Therefore it is not ripe. Moreover, there is no authority requiring district courts to include language eliminating all potential forms of treatment not contemplated at the time of sentencing. *Cf. United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009); *United States v. Weber*, 451 F.3d 552, 568-69 (9th Cir. 2006).

Villamil also contends that supervised release conditions which define computer and computer-related devices to include PDAs, cellular telephones, and electronic games, are impermissibly overbroad. This contention lacks merit. *See United States v. Goddard*, 537 F.3d 1087, 1090 (9th Cir. 2008).

**AFFIRMED.**