FILED
United States Court of Appeals
Tenth Circuit

November 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

DARRELL ROBERT SMITH,

       Defendant - Appellant.

No. 14-5024
(N.D. Oklahoma)
(D.C. No. 4:13-CR-00133-JHP-1 )

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MCKAY**, and **MATHESON**, Circuit Judges.

Defendant Darrell Smith pleaded guilty to a one-count indictment charging him

with failure to register as a sex offender. The district court sentenced him to 15 months

in prison, followed by five years of supervised release, subject to certain supervised-

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.
R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without
oral argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

release conditions. Although he did not object to any of these conditions below, Defendant now claims that the court committed plain error by imposing a special condition of release that prohibits him from working where he has contact with or access to children under the age of 18 without prior approval of his probation officer. Exercising jurisdiction under 28 U.S.C. § 1291, and concluding that Defendant has not carried his burden under the plain-error standard, we affirm.

I. BACKGROUND

Having been convicted in Missouri in 2003 of statutory rape of a 12-year-old girl in 2002, Defendant is required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 et seq., to register as a sex offender for the rest of his life. In July 2013, Defendant was indicted in the United States District Court for the Northern District of Oklahoma on a charge of violating 18 U.S.C. § 2250 by knowingly failing to register as a sex offender and update his registration during a brief period when he was in Oklahoma.

After Defendant pleaded guilty, the probation office prepared a presentence investigation report (PSR), which (among other things) advised the district court that it could consider imposing all or some of the court's Special Sex Offender Conditions. Defendant raised no objections to the PSR. At the sentencing hearing the court granted a three-level downward variance in the offense level and sentenced Defendant to 15 months in prison and five years of supervised release, subject to standard and special

supervised-release conditions, including all the court's Special Sex Offender Conditions. The district court did not state any findings specific to any supervised-release condition.

Defendant raised no objections to any aspect of the sentence. On appeal, however, he challenges the imposition of the Special Sex Offender Condition that restricts him "from engaging in any occupation, business, or profession where [he] ha[s] contact with or access to children under the age of 18 without prior approval of the probation officer." R., Vol. I at 33.

## II.    DISCUSSION

If a defendant objects to a special supervised-release condition when it is announced, we review for abuse of discretion; if the defendant raised no objection below, we review for plain error. *See United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). Relief is available under this standard only if the following requirements are satisfied: "(1) the district court committed error; (2) the error was plain—that is, it was obvious under current well-settled law; (3) the error affected the Defendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 555 (2012) (brackets and internal quotation marks omitted). The defendant has the burden of proof with respect to each requirement. *See United States v. Hall*, 625 F.3d 673, 684 (10th Cir. 2010). "Because all four requirements must be met, the failure of any one will foreclose relief and the others need not be addressed." *Gantt*, 679 F.3d at 1246.

3

Defendant argues that he is entitled to relief because the district court failed to make specific findings that:

> [(1)] [there is] a reasonably direct relationship between [D]efendant's employment and the conduct relevant to the offense of conviction; [(2)] there is reason to believe that, absent such restriction, the [D]efendant will continue to engage in unlawful conduct similar to that for which [he] was convicted; and [(3)] the restriction is for the minimum time and to the minimum extent necessary to protect the public.

Aplt. Br. at 3. We will assume that the sentencing court must make such findings before imposing the challenged condition of supervised release. Nevertheless, the fourth requirement for obtaining plain-error relief mandates affirmance of the judgment below.

Where, as here, the claimed error is not a constitutional one, the fourth requirement is a demanding one. The defendant must prove that the error "is both particularly egregious and our failure to notice the error would result in a miscarriage of justice." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005) (en banc) (internal quotation marks omitted). But the additional burden from the occupational restriction is too slight for its imposition to constitute a miscarriage of justice. Defendant does not challenge the condition of supervised release that he "will not have contact with children under the age of 18 unless approved by the probation officer." R., Vol. I at 33. Little is added by the challenged condition that restricts him "from engaging in any occupation, business, or profession where [he] ha[s] contact with or access to children under the age of 18 without prior approval of the probation officer." *Id.*

4

## II.   CONCLUSION

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge