**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID MADRIGAL,

    Defendant - Appellant.

No. 23-2088
(D.C. No. 1:20-CR-01211-JCH-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

David Madrigal pled guilty to one count of being a felon in possession of a

firearm. The district court sentenced him to 46 months in prison followed by three

years of supervised release. As a special condition of his supervised release, the

court prohibited Mr. Madrigal from using or possessing alcohol and required him to

submit to alcohol testing up to four times per day. Mr. Madrigal argues the district

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

court did not adequately explain the basis for this special condition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

During a search, police officers found Mr. Madrigal possessed a firearm and methamphetamine. He pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C §§ 922(g)(1), 924.[1]

The presentence investigation report ("PSR") detailed Mr. Madrigal's long criminal history and his extensive substance abuse—including alcohol, marijuana, cocaine, heroin, methamphetamine, oxycodone, and suboxone. The PSR noted that Mr. Madrigal had at least twice attempted to use one illegal drug to ween himself off another.

The PSR recommended several supervised release special conditions, including that Mr. Madrigal participate in an outpatient substance abuse treatment program, not use any psychoactive substances, and submit to substance abuse testing up to 60 times per year. It also recommended Mr. Madrigal be prohibited from using or possessing alcohol and submit to alcohol testing up to four times per day.

The district court sentenced Mr. Madrigal to 46 months in prison and three years of supervised release. It imposed the supervised release special conditions recommended in the PSR "because of the defendant's substance abuse history and criminal history" and

---

[1] Mr. Madrigal had prior felony convictions. ROA, Vol. I at 20.

because they "w[ould] allow the defendant to receive much needed substance abuse treatment during his term of supervised release." ROA, Vol. III at 93. Mr. Madrigal did not object.

Mr. Madrigal appealed.

## II. **DISCUSSION**

### A. *Standard of Review*

Because Mr. Madrigal did not object, we review for plain error. *United States v. Miller*, 978 F.3d 746, 757 (10th Cir. 2020); *see* Aplt. Br. at 5. "To establish plain error, Mr. [Madrigal] must show that (1) the district court erred, (2) the error was plain, (3) the error affected [his] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Miller*, 978 F.3d at 757 (quotations omitted). To be plain, an error "must be clear or obvious under current, well-settled law." *Id.* (quotations omitted). "[F]or an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *Id.* at 763 (quotations omitted).

### B. *Legal Background*

#### 1. **Supervised Release Conditions**

To impose supervised release conditions that are not recommended nor required by statute, the district court must "provide a reasoned basis for applying the condition to the specific defendant." *United States v. Englehart*, 22 F.4th 1197, 1207 (10th Cir. 2022) (quotations omitted). It "must analyze and generally explain how,

3

with regard to the specific defendant . . . , the special condition furthers the three statutory requirements set out in 18 U.S.C. § 3583(d)." *Id.* (quotations omitted).

Section 3583(d) requires that conditions of supervised release:

> (1) be "reasonably related" to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs;
>
> (2) "involve no greater deprivation of liberty than is reasonably necessary" for the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and
>
> (3) be consistent with any pertinent policy statements issued by the Sentencing Commission.

*United States v. Martinez-Torres*, 795 F.3d 1233, 1236 (10th Cir. 2015) (alterations omitted) (quoting 18 U.S.C. § 3583(d)). "Although . . . a statement of generalized reasons suffices," the district court's "explanation must be sufficient for this court to conduct a proper review." *Id.* at 1238 (quotations omitted).

"[W]hen a court imposes a special condition that invades a fundamental right or liberty interest," it must "engage in . . . a particularly meaningful and rigorous analysis" and "justify" the imposition by identifying "compelling circumstances." *Englehart*, 22 F.4th at 1207-08 (quotations omitted).

2. **Fourth Amendment and Supervised Release**

"[W]e examine the totality of the circumstances to determine whether a search is reasonable within the meaning of the Fourth Amendment." *Samson v. California*,

547 U.S. 843, 848 (2006) (alterations and quotations omitted). "Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Id.* (quotations omitted). Individuals on supervised release "do not enjoy the absolute liberty to which every citizen is entitled" and thus have a "significantly diminished" "expectation of privacy." *Id.* at 848-49 (quotations omitted).

## C. *Analysis*

Mr. Madrigal argues that (1) the alcohol testing component of the special condition "implicates" Fourth Amendment "constitutional interests" and thus the district court plainly erred by failing to explain what "compelling circumstances" justified it, and (2) the court otherwise failed to explain how the alcohol prohibition and testing condition furthered § 3583(d)'s statutory requirements. Aplt. Br. at 7-8 (quotations omitted). We affirm.

### 1. **Fourth Amendment Constitutional Interests**

We reject Mr. Madrigal's first argument because he has not shown that the alleged error was plain.

Mr. Madrigal argues that "the Supreme Court has repeatedly recognized[] [that] alcohol testing through blood, breath, and urine tests constitute searches within the meaning of the Fourth Amendment," and he thus "clearly has a [protected] privacy interest in his body . . . , which is implicated by the alcohol testing condition." *Id.* at 7-8.

5

The Supreme Court has recognized that blood, breath, and urine tests are searches. *See, e.g.*, *Skinner v. Ry. Lab. Execs.' Ass'n*, 489 U.S. 602, 616-17 (1989). But recognizing "the Fourth Amendment is applicable to . . . drug and alcohol testing . . . is only to begin the inquiry . . . [f]or the Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable." *Id.* at 618-19 (citations omitted). An individual on supervised release "do[es] not enjoy the absolute liberty to which every citizen is entitled" and has a "significantly diminished" "expectation of privacy." *Samson*, 547 U.S. at 848-49 (quotations omitted).

Mr. Madrigal does not cite any Supreme Court cases addressing whether substance abuse testing of individuals on supervised release is an unreasonable search proscribed by the Fourth Amendment. *See* Aplt. Br. at 7-8; Aplt. Reply Br. at 1-4.[2] Nor does he cite any Tenth Circuit case holding that substance abuse testing

---

[2] Mr. Madrigal cites two Supreme Court cases, Aplt. Br. at 8, but they address different circumstances and do not show plain error.

*Ferguson v. City of Charleston*, 532 U.S. 67 (2001), considered whether warrantless urine tests of hospital patients "fit within the closely guarded category of constitutionally permissible suspicionless searches." *Id.* at 77 (quotations omitted). Based on hospital patients' expectation of privacy and the law enforcement purpose for the searches, the Court held these searches were unreasonable under the Fourth Amendment. *Id.* at 78-86.

*Birchfield v. North Dakota*, 579 U.S. 438 (2016), considered whether warrantless breath and blood tests to measure blood alcohol concentration were reasonable under the search-incident-to-arrest doctrine. *Id.* at 457. The Court held that because "breath tests are significantly less intrusive than blood tests and in most cases amply serve law enforcement interests, . . . a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving." *Id.* at 476.

of someone on supervised release violates the Fourth Amendment.  To the contrary, we have said that such testing "d[oes] not implicate [the defendant]'s constitutional rights," *Miller*, 978 F.3d at 768, and therefore need not be justified by "compelling circumstances," *Englehart*, 22 F.4th at 1208 (quotations omitted).  *See also Miller*, 978 F.3d at 765 n.8; *United States v. Lopez-Casillas*, 750 F. App'x 766, 767-68 (10th Cir. 2019) (unpublished) (cited for persuasive value consistent with Fed. R. App. P. 32.1; 10th Cir. R. 32.1) (holding that a "drug and alcohol testing" requirement did not "implicate a significant liberty interest" (quotations omitted)).[3]

Because Mr. Madrigal cites no case from "either the Supreme Court or this court" holding that alcohol testing as a condition of supervised release violates the Fourth Amendment, he has failed to show plain error.  *United States v. Brooks*, 736 F.3d 921, 930 (10th Cir. 2013) (quotations omitted).

---

Neither case plainly answers "the degree to which" the alcohol testing condition here "intrudes upon [Mr. Madrigal]'s privacy" or "the degree to which it is needed for the promotion of legitimate governmental interests." *Samson*, 547 U.S. at 848 (quotations omitted).

[3] Mr. Madrigal argues that the defendants in *Miller* and *Lopez-Casillas* did not brief whether substance testing conditions implicate a significant liberty interest or constitutional right.  Aplt. Reply Br. at 2-4.  But even if the statements in those cases were dicta, Mr. Madrigal still bears the burden of citing a case to show plain error. *See United States v. Knight*, 659 F.3d 1285, 1293 (10th Cir. 2011).  The absence of such precedent is not enough.  *See United States v. Tee*, 881 F.3d 1258, 1272 (10th Cir. 2018).

2. **Alcohol Prohibition and Testing Special Condition and Section 3583(d)**

Mr. Madrigal also argues the district court plainly erred by failing to adequately explain how the alcohol prohibition and testing condition furthered § 3583(d)'s statutory requirements. Aplt. Br. at 8-11. He argues the explanation was insufficient because:

> (1) it "provided a single rationale for" multiple substance-abuse-related conditions, *id.* at 8;
>
> (2) the alcohol condition is not limited to the period in which he would receive treatment for his substance abuse, *id.* at 9, and does not relate to substance abuse treatment, Aplt. Reply Br. at 5-6; and
>
> (3) "mere reference to Mr. Madrigal's substance abuse history and criminal history does nothing to explain why an absolute prohibition on alcohol and as many as four tests per day [are] necessary," in part because his "history reveals no meaningful basis for imposing the severely restrictive condition," Aplt. Br. at 9-10.

Because the district court did not err, we affirm.

Mr. Madrigal's first argument fails because "the sentencing court . . . must only provide a generalized statement of its reasoning," *Miller*, 978 F.3d at 763 (quotations omitted), and "need not provide reasons for each special condition," *id.* at 767. A court may "satisf[y] the requisite burden" by giving a single explanation for multiple special conditions. *See United States v. Mike*, 632 F.3d 686, 693 (10th Cir. 2011). The district court here did not err by providing a single rationale for multiple substance-abuse-related conditions, including the alcohol prohibition and testing condition.

Mr. Madrigal's second and third arguments also fail.  The district court justified the special condition "because of the defendant's substance abuse history and criminal history" and because it "w[ould] allow the defendant to receive much needed substance abuse treatment during his term of supervised release."  ROA, Vol. III at 93.  The court therefore referenced two § 3583 considerations—(1) "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and (2) "the need . . . to provide the defendant with . . . correctional treatment," *id.* § 3553(a)(2)(D)—to explain why the alcohol condition was needed.  *See id.* § 3583(d)(1) (requiring conditions be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)").  And as the Government notes, the alcohol condition "is a logical part of [Mr.] Madrigal's substance-abuse treatment given his [extensive] history of drinking alcohol . . . contemporaneously with using various hard drugs."  Aplee. Br. at 12 n.5.

A defendant's history of using one substance can support testing for and prohibition of another substance.  This prohibition can "discourage[] . . . an altered state in which [a defendant's] judgment is impaired" such that "he w[ould] revert to" use of the first substance.  *Miller*, 978 F.3d at 768.  And in *Miller*, we upheld a substance testing condition, relying in part on the First Circuit's recognition that there is a "relationship between [a] special condition impos[ing] abstention from alcohol and [a drug-related] offense of conviction . . . , [as] 'it is hardly a secret that there is a tie between drug abuse and alcohol abuse.'"  *Id.* (original alterations omitted) (quoting *United States v. Brown*, 235 F.3d 2, 6 (1st Cir. 2000)).

9

When a district court's reasoning is "sufficient for us to discern that the [special condition] is reasonably related to both the history and characteristics of the defendant and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment," that explanation will suffice. *Englehart*, 22 F.4th at 1214 (alterations and quotations omitted). Because the district court's explanation met that standard here, we find no error.

### III. CONCLUSION

We affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge