FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 27, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAWRENCE SAMUELS, JR.,

    Defendant - Appellant.

No. 24-6018
(D.C. No. 5:18-CR-00152-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Defendant-Appellant, Lawrence Samuels, Jr., appeals from the district court's

revocation of his supervised release based on his violation of a condition which

prohibited him from possessing a firearm.  I R. 69.  Mr. Samuels argues that this

condition is unconstitutional under the Second Amendment and thus could not serve as a

basis for the district court's revocation of his supervised release.  Aplt. Br. at 7.  He also

argues that the district court erred in re-imposing this allegedly unconstitutional condition

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  _See_
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.

for his additional term of supervised release.  Id. at 7–8.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

In 2004, Mr. Samuels pled guilty to possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii).  II R. 4; Aplt. Br. at 1.  The district court sentenced him to 210 months' incarceration and five years' supervised release.  II R. 4.  After his sentence was commuted by President Obama, Mr. Samuels began his term of supervised release in May 2018.  I R. 53.  His term was set to expire in May 2023.  Id.  Critical to this appeal, one of the conditions of Mr. Samuels's supervised release was that he must not possess a firearm, destructive device, or other dangerous weapon.  Id. at 69.

In September 2022, while on supervised release, Mr. Samuels was pulled over for speeding while driving a rental car in Texas.  Id. at 54.  Mr. Samuels consented to the officer's search of the car, and the officer found a handgun hidden in a sock in the engine bay.  Id.  Mr. Samuels was arrested for being a felon in possession of a firearm.  Id.  Shortly thereafter, his probation officer filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Mr. Samuels violated both (1) the mandatory condition of his release to not commit another federal, state, or local crime; and (2) the standard condition to not possess a firearm.[1]  Id.

---

[1] The petition also alleged that Mr. Samuels left the judicial district without permission of the district court or his probation officer.  I R. 54.  Mr. Samuels admitted this violation at the revocation hearing, and it is not at issue in this appeal.  See id.; Aplt. Br. at 4.

At the revocation hearing, Mr. Samuels disputed the violations arising from his possession of a firearm.  Id. at 55.  In deciding whether Mr. Samuels had constructive possession of the firearm in the engine bay, the district court applied a "sole-occupancy" standard and found Mr. Samuels guilty of the alleged violations.  Id.  The district court revoked Mr. Samuels's supervised release and sentenced him to 24 months' imprisonment and 36 months' supervised release.  Id. at 13–17.  The district court imposed the same condition prohibiting Mr. Samuels from possessing a firearm.  Id. at 17.

Mr. Samuels appealed, and this court reversed and remanded on the basis that the district court applied the wrong standard for determining constructive possession of the firearm.  Id. at 52–66; United States v. Samuels, No. 23-6000, 2023 WL 8596457, at *1 (10th Cir. Dec. 12, 2023).  Specifically, this court held that the district court should have applied a "joint-occupancy" standard because the vehicle was a rental car, Mr. Samuels had possession of the car for only three days, and the firearm was located in the engine bay rather than the passenger compartment.  Samuels, 2023 WL 8596457, at *4–5.  On remand, the district court heard argument on Mr. Samuels's constructive possession of the firearm under the correct joint-occupancy standard.  III R. 4–40.  Applying that standard, the district court again determined that Mr. Samuels had constructive possession of the firearm and therefore violated the conditions of his supervised release.[2]  Id. at 27–30.  The district court imposed a sentence of time served followed by two years' supervised

---

[2] Mr. Samuels does not challenge the district court's constructive possession analysis in this appeal.  See generally Aplt. Br.

3

release. Id. at 38. The term of supervised release included the same conditions that were previously imposed, including the condition prohibiting Mr. Samuels from possessing a firearm, which is at issue in this appeal. Id. at 38–39.

## Discussion

Because Mr. Samuels did not object to the imposition of this condition of supervised release below, our review is for plain error. United States v. Mike, 632 F.3d 686, 691 (10th Cir. 2011). "To establish plain error, the defendant must show: (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 691–92 (quotations omitted). "Legal questions relating to the revocation of supervised release are reviewed de novo." United States v. Williams, 106 F.4th 1040, 1044 (10th Cir. 2024) (quotations omitted).

Mr. Samuels asks this court to immediately terminate his supervised release because the condition of supervised release prohibiting him from possessing a firearm is unconstitutional under the Second Amendment. Aplt. Br. at 8. More specifically, he argues that the district court (1) erred in revoking his supervised release based on this condition, and (2) could not re-impose this condition as a condition of additional supervised release. Id. at 7–9. Both arguments turn on whether restrictions on felons possessing firearms violate the Second Amendment. See id.; Aplee. Br. at 5. Indeed, the condition of supervised release prohibiting Mr. Samuels from possessing a firearm must comport with the Second Amendment. See Mike, 632 F.3d at 692.

Mr. Samuels's arguments are foreclosed by this court's precedent. In Vincent v.

Garland, this court held that the Supreme Court's decision in New York State Rifle & Pistol Ass'n Inc. v. Bruen, 597 U.S. 1 (2022), did not invalidate our precedent regarding the constitutionality of longstanding prohibitions on the possession of firearms by convicted felons.  80 F.4th 1197, 1201 (10th Cir. 2024); see also United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009).  Our judgment in Vincent was vacated and the Supreme Court remanded for further consideration in light of United States v. Rahimi, 602 U.S. 680 (2024).  Vincent v. Garland, 144 S. Ct. 2708 (2024).  The briefs in this case were filed while Vincent was still on remand from the Supreme Court.  See Aplt. Br. at 13 n.4.  Subsequently, this court readopted its earlier opinion, concluding that nothing in Rahimi undermined its earlier reasoning.  Vincent v. Bondi, 127 F.4th 1263, 1264–66 (10th Cir. 2025).[3]

We are bound to follow Vincent and affirm the constitutionality of prohibitions on felons possessing firearms.  See id.; United States v. Swan, 91 F.4th 1052, 1059 n.7 (10th Cir. 2024).  Mr. Samuels acknowledges as much in his briefing, where he states that, if the panel in Vincent on remand were to readopt its initial opinion, then he makes his arguments only to preserve his appellate rights for en banc review or review by the Supreme Court.  See Aplt. Br. at 17; Aplt. Reply Br. at 2 n.1.  Thus, pursuant to this court's precedent, prohibitions on the possession of firearms by felons — such as the condition of Mr. Samuels's supervised release — are constitutional under the Second Amendment.  Vincent, 127 F.4th at 1264.  Because we find no error, let alone plain error,

---

[3] Pursuant to Fed. R. App. P. 43(c)(2), Pamela J. Bondi was substituted for Merrick B. Garland as the Appellee.

the district court's judgment is

**AFFIRMED.**

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge