**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 14-6068 |
| | (D.C. No. 5:08-CR-00156-HE-1) |
| GENE DEMETRIUS RICHARDSON, | (W.D. Okla.) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

Gene Demetrius Richardson appeals the district court's revocation of his three year term of supervised release and imposition of a two-year prison sentence. His attorney has filed an *Anders* brief and motion to withdraw, asserting that there are no non-frivolous issues for appeal. *See Anders v. California*, 386 U.S. 738 (1967). This court notified Mr. Richardson of his opportunity to file a pro se brief, but he has not responded and the time to do so has now passed. We have independently reviewed

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the record and agree with counsel's assessment that there are no non-frivolous issues for appeal. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant the motion to withdraw and dismiss the appeal.

I

Mr. Richardson was convicted in 2008 of being a felon in possession of a firearm. He was sentenced to 70 months in prison, followed by three years of supervised release. Shortly after he commenced his term of supervised release, the government filed an amended petition to revoke it, alleging that Mr. Richardson had violated eight conditions of his supervised release.

At an evidentiary hearing, Mr. Richardson elected to represent himself. Although he put the government to its burden of establishing each violation by a preponderance of the evidence, he put on no evidence of his own, conducted no cross-examination, and lodged no objections. Indeed, he made no argument at all and prevented his attorney, who remained as stand-by counsel, from making a proffer. At the close of the evidence, the district court sustained the government's allegations, revoked Mr. Richardson's supervised release, and sentenced him to 24 months in prison, followed by one year of supervised release. Mr. Richardson subsequently appealed, and his attorney filed an *Anders* brief and motion to withdraw.

II

Under *Anders*, defense counsel may move to withdraw if, after conscientiously examining the case, counsel determines that an appeal would be "wholly frivolous."

386 U.S. at 744. "[C]ounsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client may also file a pro se response. *Anders*, 386 U.S. at 744. We then conduct an independent examination of the record to determine "whether the case is wholly frivolous." *Id.* If we agree with counsel's assessment, we grant the motion to withdraw and dismiss the appeal. *Id.*

Mr. Richardson's attorney has identified three potential, albeit frivolous, issues, all of which we review for plain error. *See United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007). First, counsel addresses whether there was insufficient evidence of Mr. Richardson's supervised release violations. The government was obligated to establish each violation by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (prescribing preponderance of the evidence standard for revocation of supervised release); *see also United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir. 2001) (applying preponderance of the evidence standard). To this end, the government called Mr. Richardson's probation officer, who testified that since Mr. Richardson began his term of supervised release on December 13, 2013, he violated the following eight conditions by engaging in the described conduct:

1. That he reside at a residential reentry facility for 180 days and comply with all of its rules: by being terminated from his halfway house on January 17, 2014 for repeated rule violations;

2. That he participate in a substance abuse program and abstain from alcohol

and other intoxicants: by failing to timely report to two counseling sessions;

3. That he notify his probation officer at least ten days before changing his address or employment: by failing to provide an updated address after moving out of his mother's residence and a city rescue mission;

4. That he truthfully answer his probation officer's questions and follow his probation officer's instructions: by failing to report to his probation office or call his probation officer;

5. That he submit to urine testing: by failing to provide a urine sample;

6. That he not commit any federal, state, or local crimes: by being arrested for obstructing a University of Oklahoma police officer;

7. That he not associate with anyone engaged in criminal activity or any convicted felons: by riding in a car with a known felon who was under the supervision of the Oklahoma Department of Corrections; and

8. That he not commit any federal, state, or local crimes: by being charged with three felonies while held in custody. Specifically, a prison guard discovered that Mr. Richardson possessed tobacco, matches, and rolling papers. Mr. Richardson threated to "blow [the guard] away." R., Vol. 3 at 19. Then, while making a telephone call, Mr. Richardson instructed the other caller to "put heat on [the detention officer]." *Id.* As the call was being disconnected, he stated, "burn him, you hear me." *Id.* at 20. Later, Mr. Richardson was transported to court in a mask and restraints because "he was spitting so much." *Id.* at 21-22. He also pressed a camera call-button in his jail cell to get the attention of a female guard while he was masturbating. *Id.* at 22.

This evidence easily establishes by a preponderance that Mr. Richardson violated the conditions of his supervised release. Although some of his probation officer's testimony was hearsay, Mr. Richardson had ample opportunity to challenge the testimony. But he elected not to do so. *See* Fed. R. Crim. P. 32.1(b)(2)(C) (providing that defendant at revocation hearing is entitled to appear, present

- 4 -

evidence, and question adverse witnesses unless the court determines that the interest of justice does not require the witness to appear). Because Mr. Richardson was informed of the charges against him, he had the opportunity to challenge the evidence and to put on his own, and yet he declined to object to the hearsay evidence, we cannot say its admission constitutes plain error.

Second, counsel avers that Mr. Richardson might claim his sentence was procedurally unreasonable because the district court failed to demonstrate that it had adequately considered the 18 U.S.C. § 3553(a) factors and to explain its reasons for the sentence it imposed.[1] This argument is frivolous because "[w]here a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of the reasons for its imposition of the particular sentence." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013). Here, the district court sentenced Mr. Richardson to 24 months in prison, which, based on his Criminal History Category V and Grade B violation, was at the top of the applicable 18-to-24 month guideline range. *See* USSG §§ 7B1.1(a)(2); 7B1.3(a)(1); 7B1.4(a); R., Vol. 2 at 26 (PSR, para. 36). In imposing this sentence, the court explained that Mr. Richardson's violations were both serious and extensive. The court was particularly concerned by the threats and other violations involving the prison guards and police officer. Describing the nature of

---

[1] Counsel does not dispute that Mr. Richardson's sentence, which was within a correctly calculated guideline range, was presumptively reasonable. *See United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013).

these violations as "egregious," R., Vol. 3 at 27, the court observed that "they reflect an affirmative and aggressive failure to follow the instructions of the probation officer and the requirements of probation." *Id.* Therefore, noting Mr. Richardson's lack of effort at the supervision process, the court sentenced him to 24 months in prison, followed by one year of supervised release, to include mental health and substance abuse treatment. This explanation manifests the court's consideration of the § 3553(a) factors and was legally adequate.

Third, counsel considered whether the district court erred in imposing special conditions of supervised release, in particular that Mr. Richardson reside at a halfway house for "up to 180 days," submit to reasonable searches, and participate in mental health and substance abuse treatment, all "at the direction of the probation officer." R., Vol. 3 at 28-29. Initially, counsel analyzed whether these conditions impose greater deprivations on Mr. Richardson's liberty than is reasonably necessary to deter his criminal conduct, protect the public, and promote his rehabilitation. *See* 18 U.S.C. § 3583(d)(2). Given Mr. Richardson's proclivity for criminal conduct, however, as well as the egregious nature of his violations and his mental health and substance abuse issues, this argument is frivolous. Indeed, as the district court recognized, the special conditions aim to afford adequate deterrence, protect the public, and promote Mr. Richardson's rehabilitation. *See* 18 U.S.C. § 3553(a)(2)(B)-(D). They involve no greater deprivation of liberty than that reasonably necessary to achieve these objectives.

Counsel also posits that Mr. Richardson might argue that the district court improperly delegated its Article III authority by requiring him to participate in mental health and substance abuse treatment "at the direction of the probation officer." R., Vol. 3 at 28, 29. "Article III prohibits a judge from delegating the duty of imposing the defendant's punishment to the probation officer." *United States v. Mike*, 632 F.3d 686, 695 (10th Cir. 2011). We "distinguish between those delegations that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and those that allow the officer to decide the nature or extent of the defendant's punishment." *Id.* "Delegations that do the former are permissible, while those that do the latter are not." *Id.* In analyzing this issue, we adhere to our review for plain error but "conduct [our] analysis less rigidly when reviewing for potential constitutional error." *Id.* at 692.

This issue is frivolous because we construe "non-specific, all-encompassing conditions" so as to comply with constitutional standards. *Id.* at 696. Indeed, "where a broad condition of supervised release is ambiguous and could be read as restricting a significant liberty interest, we construe the condition narrowly so as to avoid affecting that significant liberty interest." *United States v. Bear*, 769 F.3d 1221, 1230 (10th Cir. 2014). Here, the district court ordered Mr. Richardson to "participate in a program of mental health aftercare at the direction of the probation officer." R., Vol. 3 at 28. The court similarly ordered him to "participate in a program of substance abuse aftercare at the direction of the probation officer to include urine,

breath, or sweat patch testing and outpatient treatment." *Id.* at 29. Even if these conditions could be construed as permitting probation to select inpatient, residential treatment programs, which would implicate a significant liberty interest, *see Mike*, 632 F.3d at 696, there is no such express delegation and we decline to adopt that construction, *see Bear*, 769 F.3d at 1231 (interpreting condition so as to not implicate significant liberty interests); *cf. Mike*, 632 F.3d at 699 (finding error, although not plain error, where condition expressly included residential placement). Instead, we interpret the condition as giving the probation officer authority to direct only outpatient treatment.

The court also required that Mr. Richardson reside at the halfway house "for a period of up to 180 days at the direction of the [probation] officer." R., Vol. 3 at 28. Even if this could be construed as an impermissible delegation, it was not plain error. *See United States v. Huffman*, 146 F. App'x 939, 943-47 (10th Cir. 2005) (unpublished) (finding no plain error where similar language conferred authority on probation officer to determine the time defendant must reside at community corrections facility, up to the specified number of days).[2] "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005)

---

[2]    Unpublished opinions are not binding precedent. However, because *Huffman* involved similar circumstances, we cite it for its persuasive value. *See* 10th Cir. R. 32.1(A); *United States v. Samuels*, 493 F.3d 1187, 1194 n.9 (10th Cir. 2007).

(en banc) (internal quotation marks omitted). To satisfy the third prong, Mr. Richardson must show "a reasonable probability that, but for the error claimed, the result of the proceedings would have been different." *Id.* at 733 (internal quotation marks omitted). This requires that he show his substantial rights were prejudiced. *See United States v. Mendiola*, 696 F.3d 1033, 1036 (10th Cir. 2012).

Mr. Richardson might attempt to establish prejudice three different ways, none of which are availing. First, he might claim that but for the discretion afforded to the probation officer, the district court would not have imposed the same 180-day halfway-house condition. To show prejudice, Mr. Richardson would have to demonstrate that without the delegation, the district court would have imposed a shorter maximum period of confinement at the halfway house. But there is nothing in the record to support such a theory; the court simply ordered that he reside at the halfway house "for a period of up to 180 days at the direction of the officer." R., Vol. 3 at 28. Thus, any claim of prejudice in this regard is purely speculative and insufficient to satisfy the third prong of plain error review. *See Gonzalez-Huerta*, 403 F.3d at 740 (Tacha, J., concurring) ("[S]peculation about a possible lighter sentence cannot satisfy the third prong of plain error."); *see also United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010) (recognizing defendant's burden to show actual "prejudice and not merely possible or speculative prejudice").

A second way Mr. Richardson might claim prejudice is if the delegation somehow impaired his ability to petition the district court to modify the condition

- 9 -

and allow his early release from the halfway house. *See* 18 U.S.C. § 3583(e)(2) (providing that court "may modify, reduce, or enlarge the conditions of supervised release"). This claim is meritless because nothing in § 3583(e)(2) constrains the district court's ability to grant early release based on the conditions set by the court, including a provision for early release by a probation officer. Indeed, we expressly recognized the district court's continuing authority to modify the conditions of supervised release, regardless of any discretion afforded to the probation officer, in *Huffman*, 146 F. App'x at 946.

Third, Mr. Richardson might attempt to show prejudice by claiming that without the delegation, the district court would grant a request to modify the condition and allow his early release. But this claim is unavailing because nothing in the condition prohibits him from directly petitioning the district court for early release. In addition, he cannot demonstrate that the court would grant such a request, and the mere possibility that it might is pure speculation. Again, this is insufficient to satisfy plain error review. *See Gonzalez-Huerta*, 403 F.3d at 740. Thus, Mr. Richardson cannot show the delegation prejudiced his substantial rights. In fact, it appears that the challenged condition could only benefit Mr. Richardson because it effectively gave him an alternative, expedited means of seeking early release. *See Huffman*, 146 F. App'x at 943 n.7 (questioning "how a condition obviating the need to file a petition with the court, rewarding good behavior and expediting early release, could redound other than to [defendant's] benefit").

Additionally, Mr. Richardson cannot establish the fourth prong of plain error review—i.e., an error warranting an exercise of our discretion—because ultimately, the district court ordered him to serve no more than 180 days in the halfway house. *See id.* at 947 (concluding that fourth prong of plain error review was not established because district court—not the probation officer—made the "'significant penological decision'" to order defendant to serve no more than the specified time in a community corrections facility (quoting *United States v. York*, 357 F.3d 14, 21 (1st Cir. 2004))).

Finally, the district court imposed the following search condition:

[T]he defendant must submit to a search of his person, property, or any automobile under his control to be conducted in a reasonable manner and at a reasonable time for the purpose of detecting firearms or other controlled substances at the direction of the probation officer if there's a showing of reasonable suspicion to justify that.

R., Vol. 3 at 29. This condition does not delegate to the probation officer the judicial authority to determine the nature and extent of Mr. Richardson's punishment. *See Mike*, 632 F.3d at 695. Rather, the district court clearly defined the nature and extent of any search by requiring that it be conducted at a reasonable time, in a reasonable manner, and for the purpose of finding firearms or controlled substances. The court also required that any search be supported by reasonable suspicion. Although the probation officer must execute the search, this simply reflects the officer's role as "an investigative and supervisory arm of the court," *United States v.*

*Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998) (internal quotation marks and brackets omitted).  Thus, there was no impermissible delegation.

III

Mr. Richardson fails to offer any non-frivolous issues for appeal, and our independent review confirms there are none.  Accordingly, we grant defense counsel's motion to withdraw and dismiss this appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge