**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY PAUL HAMILTON, JR.,

    Defendant - Appellant.

No. 18-5124
(D.C. No. 4:16-CR-00096-JED-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **EID**, Circuit Judges.
_____

Appellant Timothy Hamilton, along with his parents, owned and operated two companies used to defraud investors. In all, his misrepresentations persuaded 18 individuals to invest almost $900,000 in the businesses. Although some of the money was returned, most of it was used for personal benefit, including supporting Hamilton's aspirations to become a country music star. Hamilton pleaded guilty to an information charging him with wire fraud in violation of 18 U.S.C. § 1343. The district judge sentenced Hamilton to the statutory maximum, above his recommended Guidelines range. He appeals the sentence, asserting the district court erred by

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failing to provide notice of its intent to depart upward as required by Fed. R. Crim. P. 32(h), rendering his sentence procedurally and substantively unreasonable. We conclude the sentence was reasonable because the district court did not depart, but rather varied upward. Therefore, no notice was required.

## I.

As part of his plea agreement and allocution, Hamilton acknowledged the court had discretion to impose any sentence up to the federal maximum, which in this case was five years. The presentence investigation report recommended a Guideline range of 37 to 46 months' imprisonment, but Hamilton filed a motion for downward variance requesting a probation sentence without imprisonment. The Government opposed the motion, arguing instead for a sentence near the upper end of the recommended Guidelines range.

In Hamilton's Petition to Enter Plea of Guilty, he stated that although he hoped for lenience, he was "prepared to accept any punishment permitted by law which the Court [saw] fit to impose." Further, the accompanying certificate made clear Hamilton's counsel had advised him of the court's sentencing discretion and that the court could "depart from the advisory [G]uideline range or impose a non-[G]uideline sentence." During Hamilton's change of plea hearing, the magistrate judge made sure Hamilton understood "that regardless of the [G]uidelines range, [the district court] may sentence you to imprisonment for up to the maximum time allowed by law." Hamilton also stated no sentence had been promised to him and that he knew the district court could impose a sentence more severe than he was expecting.

At Hamilton's sentencing the Government produced several victims to testify, many of whom noted Hamilton had used religion as a way to gain their trust. Hamilton apologized to the victims, admitted wrongdoing, and asked the court for mercy. The court discussed each of the reasons Hamilton presented for a downward variance, rejecting each in turn because "there are no factors present that separate this defendant from the mine-run of similarly situated defendants to a degree that warrants a downward variance." The district court then found a sentence greater than the recommended Guidelines sentence was warranted:

> On the contrary, the court finds that a sentence within or below the advisory guideline range is insufficient based upon the aforementioned factors and a greater sentence is warranted. Therefore, the defendant's motion for nonguideline sentence is denied, and the court will vary upward to a total offense level of 24. Combined with the defendant's criminal history category of I, the resulting variance guideline range is 51 to 60 months.
>
> The court recognizes that the United States Sentencing Guidelines are advisory and not mandatory, but has considered the sentencing guidelines along with all of the factors set forth in Title 18 of the United States Code, Section 3553(a) to reach an appropriate and reasonable sentence in this case.
>
> In determining a sentence, the court has considered the nature of the offense and the defendant's lack of criminal history and his personal characteristics. This case involved the defendant conspiring with his parents to defraud 18 individuals of a combined total of 868 thousand dollars—$868,300. The defendant is 32 years old with no prior criminal convictions and no history of substance abuse. Based on these factors, a sentence within the advisory guideline range will serve as an adequate deterrent to this defendant as well as others, promote respect for the law, provide just punishment for the offense, and provide protection for the public. . . . Restitution is mandatory.

Aplt. App. 158–60.

3

In the sentencing documents, the district court judge checked "variance" on the minutes sheet, and in its Statement of Reasons under Section IV, "Court Determination for a Variance," the court checked "extreme conduct" and "victim impact" as reasons supporting "[t]he nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1)." In the same subsection, under "[t]he history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)," the court checked "Remorse / Lack of Remorse." The space for stating "the basis for a variance" referred to Section VIII of the form, where the district court reiterated its explanation of the sentence on the record at the hearing.

Hamilton now appeals his sentence, arguing the district court erred by failing to give notice of its intent to give a sentence greater than the recommended Guideline range, and as a result, his sentence is procedurally and substantively unreasonable.

**II.**

Federal Rule of Criminal Procedure 32(h) requires courts "give the parties reasonable notice that it is contemplating [] a departure," and "specify any ground on which" the departure might be based. Fed. R. Crim. P. 32(h). Hamilton argues the district court erred by failing to provide the required notice of its intent to depart upward, but this argument was not preserved for appeal. *See* Aplt. Br. at 13 (explaining the failure of defense counsel to object to lack of notice at sentencing was "[un]imaginable" and "clearly defective"). Where a defendant fails to object to a lack of notice under Fed. R. Crim. P. 32(h), this Court reviews for plain error. *United States v. Atencio*, 476 F.3d 1099, 1104–05 (10th Cir. 2007) (en banc), *overruled in*

4

*part on other grounds by Irizarry v. United States*, 553 U.S. 708 (2008). To demonstrate plain error, Hamilton "must show: '(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1137 (10th Cir. 2017) (en banc) (quoting *United States v. Mike*, 632 F.3d 686, 691–92 (10th Cir. 2011)).

**A.**

Hamilton's argument fails at the first step of plain error review. We conclude there was no error because the district court varied, rather than departed, upward, and the Supreme Court has previously held that Rule 32(h) does not apply to variances. *See Irizarry*, 553 U.S. at 716 ("The fact that Rule 32(h) remains in effect today does not justify extending its protections to variances.").

Although there is some overlap, variances and departures are distinct actions of district courts. *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1220 n.4 (10th Cir. 2008). "A departure occurs 'when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines.'" *United States v. Sells*, 541 F.3d 1227, 1237 n.2 (10th Cir. 2008) (quoting *Atencio*, 479 F.3d at 1101 n.1). "A variance occurs '[w]hen a court enhances or detracts from the recommended range through application of § 3553(a) factors.'" *Id.*

Both the district judge's statements at the sentencing hearing and the written record produced at sentencing clearly reflect the district court's intent to vary, rather

than depart. First, the district court judge explicitly stated on the record that "the court will *vary* upward," and then recalculated "the resulting *variance* [G]uideline range." Aplt. App. at 158 (emphases added).

Second, in addition to labeling Hamilton's actions a "variance," the district court specifically noted it "considered . . . all of the factors set forth in Title 18 of the United States Code, Section 3553(a) to reach an appropriate and reasonable sentence." Aplt. App. at 158–59. Consideration of § 3553(a) factors is the hallmark of a variance. *See Sells*, 541 F.3d at 1237 n.2. Here, the judge weighed the § 3553(a) factors on the record: discussing "the nature of the offense and the defendant's lack of criminal history and his personal characteristics," Aplt. App. at 159 (referencing § 3553(a)(1)); noting the sentence would "serve as an adequate deterrent to this defendant as well as others, promote respect for the law, provide just punishment for the offense, and provide protection for the public," *id.* (referencing § 3553(a)(2)(A)–(C)); explaining he considered "[s]entencing disparities among defendants" in crafting "an appropriate sentence in this case," *id.* (referencing § 3553(a)(6)); and ordering mandatory restitution, *id.* (referencing § 3553(a)(7)).

Third, and finally, the written record produced from sentencing reflects the district court's intent to vary, rather than depart. On the court's minute sheet from sentencing, the word "variance" was checked, but "departure" was not. Aple. Supp. App. at 54. In the court's Statement of Reasons, the judge checked the box for imposing "a sentence otherwise outside the sentencing [G]uideline system (*i.e.*, a variance)." That box directed him to complete "Section VI. Court Determination for

6

a Variance," where the judge checked boxes under "18 U.S.C. § 3553(a) and other reason(s) for a variance." If the district court had departed, it would have filled out "Section V. Departures."

Nowhere in the record is there any reference to Chapters Four and Five of the Guidelines, which this court requires for a departure. *See Sells*, 541 F.3d at 1237 n.2. We decline to accept Hamilton's argument that the language "mine-run of similarly situated defendants" is an oblique reference to Chapters Four and Five of the Guidelines and are magic words that render the action a departure. *See, e.g.*, *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) ("[W]hile the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies . . . even in a mine-run case."). Hamilton provides no support for the proposition that the district court's recalculating a new Guidelines range necessarily makes the action a departure, rather than a variance. Rather, in our view, the district court's statements emphasized the advisory nature of the Guidelines, applied § 3553(a) factors, and noted the sentence fell within the resulting range after the court varied upward.

Given the district court's broad discretion at sentencing, coupled with the multitude of direct references to § 3553(a) factors in crafting the sentence, we conclude the district court varied upward, which renders Rule 32(h) inapplicable, and therefore, no notice was required. *See Irizarry*, 553 U.S. at 714–16.

**B.**

Sentences are reviewed for reasonableness, which encompasses a two-part inquiry into both procedural and substantive reasonableness. *United States v. Verdin-*

*Garcia*, 516 F.3d 884, 895 (10th Cir. 2008). Procedural reasonableness review turns on whether the district court committed any error in calculating or explaining the sentence, including "failing to calculate . . . the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable when "the length of the sentence is [un]reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Alapizco-Valenzuela*, 546 F.3d at 1215 (quotation marks and citation omitted). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Hamilton advances three arguments in favor of procedural error at sentencing: (1) the district court failed to give notice of its intent to depart upward as required by Rule 32(h); (2) the district court relied on improper factors in fashioning the sentence;[1] and (3) the district court failed to explain the sentence adequately. As Hamilton did not preserve these arguments below, we review them for plain error and again hold Hamilton's claims fail at the first prong.

_____

[1] Hamilton also asserts the district court relied on improper factors in violation of this Circuit's four-prong test for upward departures in *United States v. Robertson*, 568 F.3d 1203, 1211 (10th Cir. 2009). Aplt. Br. at 20–29. We do not evaluate this claim because *Robertson* is inapplicable, given our determination the district court varied upward.

Hamilton's first argument was addressed and rejected above. Because we conclude the district court varied upwards, no notice was required and no procedural error committed. Hamilton's second and third arguments also fail, because we conclude the district court did not rely on improper factors and adequately explained its sentence. Hamilton pleaded guilty to the requisite criminal conduct; the facts related to his crimes are admitted. Aplt. App. at 24–41 (plea agreement); 42–45 (admitted facts). The district court properly considered those facts in explaining "the nature of the offense" and Hamilton's characteristics. *See, e.g.*, *United States v. Sayad*, 589 F.3d 1110, 1118 n.4 (10th Cir. 2009) ("District courts are granted wide discretion in choosing which factors to rely on in determining whether a variance is justified under § 3553(a), and may choose to rely on factors disfavored by the Sentencing Commission." (citations omitted)). Further, the district court explained its sentencing decision at length and in great detail; we cannot agree that its explanation did not "identify legitimate reasons for the sentence imposed." We hold the district court's findings and conclusions were well-within its discretion, adequately explained, and do not constitute error.

Finally, we hold the district court's sentencing Hamilton to the statutory maximum was not substantively unreasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Alapizco-Valenzuela*, 546 F.3d at 1214 (quotation marks and citation omitted). Even if we were to disagree with the district court's decision, "[t]he fact that the appellate court might reasonably

9

have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

In sum, Hamilton cannot show the district court committed plain error. The district court varied upward, rendering Fed. R. Crim. P. 32(h) inapplicable, so the district court was not required to give notice, and accordingly, committed no error. The district court did not rely on improper factors or fail to adequately explain its sentence; and ultimately, the sentence imposed was within the wide discretion of the district court. We AFFIRM.

Entered for the Court


Allison H. Eid
Circuit Judge

10