**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES WESTON FAWCETT,

    Defendant - Appellant.

No. 24-4050
(D.C. No. 2:23-CR-00092-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

James Fawcett appeals his 168-month sentence for distribution of child

pornography. Defense counsel has filed an _Anders_ brief and moved to withdraw as

counsel. _See Anders v. California_, 386 U.S. 738, 744 (1967) (stating that if after

"conscientious examination" of record, counsel finds appeal "wholly frivolous," then

counsel may move to withdraw and contemporaneously file "brief referring to

anything in the record that might arguably support the appeal"). Fawcett filed several

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

pro se responses to the *Anders* brief,[1] and the government declined to file a brief. We have reviewed the *Anders* brief, Fawcett's pro se filings, and the record to determine whether Fawcett's appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we conclude that it is, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744. We also deny Fawcett's request to appoint new counsel.

## Background

In 2023, Fawcett pleaded guilty to distributing child pornography. The Presentence Investigation Report (PSR) calculated a total offense level of 34 under § 2G2.2 of the United States Sentencing Guidelines (U.S.S.G. or the Guidelines), a criminal history category of II, and a resulting Guidelines sentencing range of 168 to 210 months. The PSR also recommended several special conditions of supervised release, including an alcohol prohibition, a requirement that Fawcett obtain a substance-abuse evaluation and treatment, and a requirement that Fawcett take his mental-health medications.

At sentencing, defense counsel objected to the use of U.S.S.G. § 2G2.2, arguing that the guideline was the result of a Congressional directive to impose harsh,

---

[1] Fawcett submitted a timely *Anders* response and two other letters, including a request to be appointed new appellate counsel. We accept and consider all three. As with all pro se filings, we will liberally construe them, but we will not craft arguments on Fawcett's behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

irrational sentences rather than the result of reasoned empiricism. Defense counsel also objected to the three special conditions of supervised release mentioned above.

The district court overruled these objections. It acknowledged the issues with § 2G2.2 but declined to set aside the whole section or the resulting sentencing range. And it found a basis for the special conditions in Fawcett's history and characteristics, which included marijuana use, diagnoses of depression and ADHD, and charges for driving under the influence, drinking alcohol in a vehicle, and impaired driving. The district court then imposed a 168-month sentence, the low end of the Guidelines range, and a life term of supervised release, including the three objected-to special conditions.

Fawcett appeals.[2]

## Analysis

In the *Anders* brief, defense counsel asserts that there is no nonfrivolous basis on which to appeal Fawcett's sentence. The *Anders* brief addresses whether Fawcett has any nonfrivolous arguments to challenge (1) the substantive reasonableness of his sentence; (2) the three special conditions of supervised release; and (3) whether three treatment conditions of supervised release improperly delegate authority to a probation officer. In his pro se responses, Fawcett argues that he was harshly

---

[2] Fawcett's plea agreement included an appellate waiver, but after he became dissatisfied with retained plea counsel and obtained new appointed counsel, the parties renegotiated, and Fawcett withdrew his waiver of his right to appeal. And the government does not seek to invoke any waiver here. *See Calderon*, 428 F.3d at 930–31 (explaining that appeal "waiver is waived when the government . . . neglects to invoke the waiver in this [c]ourt").

sentenced, poorly represented by counsel below, and unfairly attacked by a letter that impacted the results of his psychosexual evaluation. We see overlap in the *Anders* brief's substantive-reasonableness argument and Fawcett's complaint of a harsh sentence and address those issues together. We next address the two remaining *Anders* brief issues and then consider Fawcett's other responses.

## I.    Substantive Reasonableness of the Sentence

The *Anders* brief begins with a potential substantive-reasonableness challenge to Fawcett's sentence, based on U.S.S.G. § 2G2.2. "Substantive review 'involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). We typically review the substantive reasonableness of sentences for abuse of discretion. *Id.* at 1214. And "we presume that a sentence within the properly calculated [G]uidelines range is reasonable." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019).

Section 2G2.2 governs sentences for child-pornography-distribution offenses, setting the base offense level at either 18 or 22. It then provides various offense-level increases, such as: prepubescent minors (two levels), knowing distribution (two levels), material with sadistic or masochistic conduct (four levels), use of a computer (two levels), and more than 600 images (five levels). Put simply, § 2G2.2 results in very high offense levels. *United States v. Grigsby*, 749 F.3d 908, 910 (10th Cir. 2014) ("[Section] 2G2.2's sentencing enhancements 'routinely result in Guidelines

4

projections near or exceeding the statutory maximum, even in run-of-the-mill cases.'" (quoting *United States v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010))). Standing alone, that would not be cause for concern, but "the Commission did not use [its typical] empirical approach in formulating the Guidelines for child pornography." *Dorvee*, 616 F.3d at 184. Instead, Congress has directed the Sentencing Commission to amend § 2G2.2 several times, "each time recommending harsher penalties." *Id.*

The *Anders* brief cites many cases in which courts have expressed concern about § 2G2.2's lack of empirical foundation, citing the risk of running afoul of the § 3553(a) factors. *See, e.g., id.* at 188 (calling § 2G2.2 "an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results"); *United States v. Stone*, 575 F.3d 83, 97 (1st Cir. 2009) (affirming sentence based on § 2G2.2 but noting "the sentencing [G]uidelines at issue are in our judgment harsher than necessary"). But the *Anders* brief also acknowledges that this circuit has rejected empirical challenges to § 2G2.2. *United States v. Franklin*, 785 F.3d 1365, 1370 (10th Cir. 2015). So "we apply the presumption of reasonableness to sentences based on [§] 2G2.2, regardless of its alleged lack of empirical support." *Id.*

We agree with the *Anders* brief that the district court did not abuse its discretion in relying on § 2G2.2. The PSR used § 2G2.2 to calculate Fawcett's offense level of 34—a base offense level of 22 with enhancements for prepubescent minors, knowing distribution, material with sadistic or masochistic conduct, use of a computer, and 600 or more images. At sentencing, Fawcett asked the district court to

5

divert from § 2G2.2 and give it little precedential weight. The district court overruled the objection but acknowledged the value of the argument and noted that it would consider the argument with the § 3553 factors when determining the sentence. Based on a Guidelines range of 168 to 210 months, the district court imposed a sentence of 168 months. This within-Guidelines sentence is entitled to a presumption of reasonableness and, as in *Franklin*, an empirical challenge to § 2G2.2 and its harshness cannot overcome this presumption. 785 F.3d at 1370.

Nor do we see any other basis on which Fawcett could rebut this presumption of reasonableness, either in the record or in Fawcett's pro se filings. Thus, any challenge to the substantive reasonableness of the sentence would be frivolous.

## II.    Special Conditions of Supervised Release

Next, the *Anders* brief discusses a potential challenge to the three special conditions of supervised release that Fawcett challenged below. We would review objected-to special conditions for abuse of discretion. *United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011).

Conditions of release need to "be 'reasonably related' to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs." *United States v. Martinez-Torres*, 795 F.3d 1233, 1236 (10th Cir. 2015) (quoting 18 U.S.C. § 3583(d)). To impose a special condition of supervised release, a sentencing court must "make an individualized assessment." *Id.* at 1237. This

6

individualized-assessment requirement is not onerous; "[a] sentencing court need not provide reasons for each specific special condition that it imposes." *Mike*, 632 F.3d at 693. Instead, the court "must 'only provide a generalized statement of its reasoning.'" *Id.* (quoting *United States v. Hahn*, 551 F.3d 977, 982–83 (10th Cir. 2008)).

The record demonstrates that the district court satisfied this requirement. As to the special condition prohibiting Fawcett from using alcohol, possessing alcohol, or "frequent[ing] businesses where alcohol is the chief item of order," R. vol. 1, 60, defense counsel argued that Fawcett had no issues with alcohol and could make a living as a bartender. But the record supports the district court's statement that Fawcett's criminal history—which includes alcohol misuse—justified this condition. The district court thus satisfied its obligation to provide a generalized statement of its reasoning for this condition, *Mike*, 632 F.3d at 693, based on Fawcett's history, *Martinez-Torres*, 795 F.3d at 1236.

As to the special condition that requires Fawcett to complete substance-abuse treatment, defense counsel argued that Fawcett's self-reported use of medical marijuana did not justify this condition. The district court disagreed, explaining that Fawcett "has numerous convictions related to marijuana use as well as charges related to driving under the influence." R. vol. 3, 81. With this explanation, the district court again met its obligation.

Finally, defense counsel took issue with the mental-health special condition, which requires Fawcett to "take any mental-health medications as prescribed," R. vol. 1, 60, because Fawcett believed he could manage his mental health without

court monitoring. The district court disagreed and, based on Fawcett's diagnoses of depression and ADHD, stated that Fawcett could benefit from professional support. This explanation provides the requisite individualized assessment—no more is required.

In sum, we agree with the *Anders* brief. Any appeal challenging the special conditions would be frivolous because the district court provided sufficient individualized justification by linking each condition to Fawcett's history and characteristics.

## III.    Improper Delegation

Last, the *Anders* brief considers whether the district court improperly delegated its sentencing authority to the probation office in imposing three treatment-related conditions of supervised release. Fawcett did not raise this argument below, so we would review for plain error. *Mike*, 632 F.3d at 691–92. "To establish plain error, the defendant must show: '(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)).

This impermissible-delegation argument arises from the Constitution: "Article III of the United States Constitution confers the authority to impose punishment on the judiciary, and the judiciary may not delegate that authority to a nonjudicial officer." *United States v. Bear*, 769 F.3d 1221, 1230 (10th Cir. 2014). Functionally, this means that a court may delegate "ministerial acts or support services related to

8

the punishment imposed" to a probation officer, but it may not "allow the officer to decide the nature or extent of the defendant's punishment." *Id.* (quoting *Mike*, 632 F.3d at 695). "This inquiry focuses on the liberty interest affected by the probation officer's discretion." *Id.* Specifically, "allowing a probation officer to make the decision to restrict a defendant's significant liberty interest constitutes an improper delegation." *Id.* (quoting *Mike*, 632 F.3d at 695).

Here, the *Anders* brief points us to three treatment conditions that delegate some authority to a probation officer. First, the district court required Fawcett to "participate in and successfully complete sex-offender treatment, to include a risk assessment, at a program approved by the U.S. Probation Office." R. vol. 1, 60. This condition gives the probation office authority to approve of Fawcett's treatment program, and we have approved treatment conditions that delegate even more authority than this. *See United States v. Englehart*, 22 F.4th 1197, 1206–07, 1216–17 (10th Cir. 2022) (finding no impermissible delegation in treatment condition that authorized probation to communicate with provider and obtain evaluation results and required probation's permission to discontinue treatment); *Bear*, 769 F.3d at 1230–31 (finding no plain error where district court ordered sex-offender mental-health treatment as directed by probation). So we detect no error here, much less a plain one.

Second and third, the district court required Fawcett to "participate in and successfully complete" evaluation and treatment for substance abuse and mental health "under a copayment plan, as directed by the U.S. Probation Office." R. vol. 1,

60. We have previously found no plain error in this "as directed by" language. *See Bear*, 769 F.3d at 1230–31. Similarly, the Ninth Circuit found no impermissible delegation in a drug-treatment requirement that used the "as directed by" language present here, reasoning that the condition mandated the treatment and merely allowed probation "to perform the ministerial tasks of choosing the appropriate program and facilitating [the defendant's] attendance." *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005). We accordingly see no plain error here because the district court delegated only "ministerial acts or support services" to the probation officer overseeing Fawcett's substance-abuse and mental-health treatment. *Id.* at 1230 (quoting *Mike*, 632 F.3d at 695). Thus, we agree with the *Anders* brief that any appeal challenging the treatment conditions would be frivolous.

## IV.    Fawcett's Responses

Fawcett first claims he was inadequately represented below, asserting that he "was only represented fairly [three] of the 13 months of [his] case." Aplt. Supp. Resp. 1. Fawcett goes on to explain that he fired his previous attorneys and secured new counsel before sentencing. Because Fawcett asserts that he was fairly represented by his new counsel at sentencing, we do not see this as a nonfrivolous ground for appeal. And, in any event, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).[3]

---

[3] Our review of the record convinces us that this is not the unusual case that allows us to resolve an ineffective-assistance-of-counsel claim without the district

Fawcett also argues that a letter from his sister assaulted his character and influenced the results of his psychosexual evaluation. On this point, the *Anders* brief explains that after the magistrate judge ordered a psychosexual exam, the examiner considered in part a letter from Fawcett's sister in which the sister claimed Fawcett had abused her for years. Fawcett's mother later wrote her own letter to the district court, refuting these accusations; but for unknown reasons, the letter from Fawcett's mother did not go to the psychosexual evaluator. At sentencing, defense counsel explained that Fawcett disputed his sister's accusations and noted that she was not a victim in this case. Defense counsel thus asked the district court to take the sister's letter with a grain of salt and to defer to Fawcett's future treatment providers.

The district court did just that. It mentioned the results of Fawcett's psychosexual evaluation when discussing his history and characteristics and recited the evaluator's conclusion that Fawcett should be imprisoned and complete sex-offender, mental-health, and substance-abuse treatment. Fawcett does not take issue with any of these conclusions. So the sister's letter is, at most, an improper filing that affected the evaluation but did not lead to any unreasonable district-court conclusions. Any appeal based on the letter would therefore be frivolous.

As a final matter, Fawcett asks for a new attorney to review his direct appeal. To the extent Fawcett seeks a new attorney because his current attorney has filed an *Anders* brief, "we note that the mere filing of such a brief does not provide a

---

court first developing and evaluating the factual record. *See Galloway*, 56 F.3d at 1240–41.

defendant with the right to the appointment of a new attorney." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 n.6 (10th Cir. 2005). Instead, we appoint counsel when we find "legal points arguable on their merits." *Anders*, 386 U.S. at 744. Because we do not find any arguable legal points here, we reject Fawcett's request for new counsel.

### Conclusion

Because we see no nonfrivolous grounds for appealing Fawcett's sentence, we dismiss the appeal, grant defense counsel's motion to withdraw, and deny the motion for new counsel.

Entered for the Court

Nancy L. Moritz
Circuit Judge